UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

TIMOTHY K. ORMEROD,                          )
    9478 Birdhouse Circle                  )
    Columbia, Maryland 21046               )
    (Howard County)                        )
                                           )
BRANDON M. GOFF,                             )
    3240 Mairfield Lane                    )
    Huntingtown, Maryland 20639            )
    (Calvert County)                       )
                                           )
AARON R. TYLER,                              )
    217 Williamsburg Circle                )
    La Plata, Maryland 20646               )
    (Charles County)                       )
                                           )
STEPHANIE A. BUNCE,                          )
    11 Robins Court                        )
    Ridgely, Maryland 21660                )
    (Caroline County)                      )
                                           )
LEONARD F. COLLINS,                          )
    2112 Streamway Court                   )   Case No:
    Baltimore, Maryland 21207              )
    (Baltimore County)                     )   JURY TRIAL DEMANDED
                                           )
KRISTERPHER C. JONES,                        )
    9071 Hanley Court                      )
    Waldorf, Maryland 20603                )
    (Charles County)                       )
                                           )
JENNIFER M. LAWHORNE,                        )
    17535 Woodcamp Road                    )
    Mount Airy, Maryland 21771             )
    (Howard County)                        )
                                           )
CHARLES D. LISKO,                            )
    10000 Kaylorie Street                  )
    Dunkirk, Maryland 20754                )
    (Calvert County)                       )
                                           )
                                           )

CHRISTOPHER L. LYNGE,                        )
    4036 Arjag Circle                        )
    Ellicott City, Maryland 21042            )
    (Howard County)                          )
                                             )
WILLIAM A. MURRAY,                           )
    6912 Hanover Parkway, # 203              )
    Greenbelt, Maryland 20770                )
    (Prince George's County)                 )
                                             )
MICHAEL W. SHACKELFORD,                      )
    4305 Lord Fairfax Court                  )
    Upper Marlboro, Maryland 20772           )
    (Prince George's County)                 )
                                             )
JUSTIN M. SHEA,                              )
    38535 Deadwood Court                     )
    Mechanicsville, Maryland 20659           )
    (St. Mary's County)                      )
                                             )
ANDI I. VILLASENOR,                          )
    1915 Kalorama Road, N.W.                 )
    Washington, D.C. 20009                   )
                                             )
RAFAEL WELLS,                                )
    9210 Maytide Street                      )
    Waldorf, Maryland 20603                  )
    (Charles County)                         )
                                             )
Plaintiffs,                                  )
                                             )
v.                                           )
                                             )
                                             )
PRINCE GEORGE'S COUNTY,                      )
MARYLAND,                                    )
    SERVE: Angela D. Alsobrooks              )
    Chief Executive Officer/County           )
    Executive                                )
    1301 McCormick Drive, Suite 4000         )
    Largo, Maryland 20774                    )
                                             )
Defendant.                                   )
                                             )
_____          )

2

# COMPLAINT

## INTRODUCTION

Plaintiffs, by and through their counsel, respectfully submit their complaint against Prince George's County, Maryland, and state as follows:

## PARTIES

1.      The first three (3) named Plaintiffs – Brandon M. Goff, Timothy K. Ormerod, and Aaron R. Tyler – are current employees of the defendant, Prince George's County, ("Defendant" or "County"), and they, with the other Plaintiffs who have opted into this case – Stephanie A. Bunce, Leonard F Collins, Kristerpher C. Jones, Jennifer M. Lawhorne, Charles D. Lisko, Christopher L. Lynge, William A. Murray, Michael W. Shackelford, Justin M. Shea, Andi I. Villasenor, and Rafael Wells – bring this action under the Fair Labor Standards Act ("FLSA") against Defendant because of Defendants' unlawful deprivation of Plaintiffs' rights to overtime compensation.

2.      At all times material herein, Defendant has employed the Plaintiffs in the position of Fire Investigator, at the rank of Captain and below, in the Fire Investigations Division, part of the Office of the Fire Marshal and the Prince George's County Fire Department. The exact dates of the Plaintiffs' work assignments are in the custody and control of the Defendant and the Defendant knows specifically what dates each of plaintiffs has been a Fire Investigator during the recovery period.

3.      The Plaintiffs bring this action for a declaratory judgment under 28 U.S.C. § 2201 and backpay compensation, liquidated damages, attorneys' fees and costs, and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

4.      The Plaintiffs who are identified in the caption of the Complaint have given their written consent to be party plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint as Exhibit A.

5.      At all times material herein, all Plaintiffs have been "employees" within the meaning of the FLSA, *id.* § 203(e)(1), and have been "law enforcement employees" within the meaning of the FLSA, 29 U.S.C. 207(k).

6.      Defendant is a political subdivision organized under the laws of the State of Maryland, with the power to sue and be sued in its own name, and at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x), 203(d). Defendant is located within the District of Maryland and has a principal office and place of business located within the United States District Court for the District of Maryland's Southern Division, at the Prince George's County Administration Building, at 14741 Governor Oden Bowie Drive, in Upper Marlboro, Maryland 20772.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and Local Rule 501(4)(a)(i).

## FACTS

9.      In the time period of June 18, 2017, through the present, as well as before, the Plaintiffs have worked for the Defendant, Prince George's County, Maryland ("Defendant" or "County"). Specifically, the County employs or has employed Plaintiffs as "Fire Investigators," at

the rank of Captain and below, in the Fire Investigations Division, part of the Office of the Fire Marshal and the Prince George's County Fire Department ("PGFD" or "Department").

10.     Within the last three years, while assigned to the position of Fire Investigator, all Plaintiffs' primary job duty has been, and remains, to engage in law enforcement activities. To that end, they have diligently executed their job duties on behalf of their employer and the citizens of Prince George's County, investigating fires, explosions, and other emergencies, enforcing state fire and explosives laws, and reducing arson and bombings, among other duties critical to public safety. The Plaintiffs do not regularly engage in, or have the responsibility to engage in, fire suppression work.

11.     The Plaintiff Fire Investigators are trained through the County's Police Academy, certified by the Maryland Police and Correctional Training Commissions, carry firearms, and possess arrest power. Certain Fire Investigators also hold certifications as "Bomb Technicians" and/or canine handlers.

12.     During the relevant time, until March 1, 2020, while working as Fire Investigators on behalf of Defendant, the Plaintiffs were assigned to work and in fact did work a regularly repeating shift schedule of 24 hours on duty followed by 72 hours off duty ("24/72 shift schedule"). Effective March 1, 2020, Defendant changed all Plaintiffs to a repeating cycle of 12-hour shifts that does not result in more than 86 hours of regularly scheduled work in any 14-day work period.

13.     As a result of their 24/72 shift schedule, in place prior to March 1, 2020, Plaintiffs were regularly scheduled to work and worked either 48 hours or 24 hours each week. Each repeating, four-week cycle includes one week with 24 hours of regularly scheduled work and three weeks with 48 hours of regularly scheduled work.

14.     When broken into 14-day work periods, the schedule alternated between 72 hours and 96 hours of regularly scheduled work each 14-day period. The 72-hour period is referred to as the "short" work period, whereas the 96-hour period is referred to as the "long" work period.

15.     At all relevant times, the Plaintiffs have worked additional overtime shifts and/or unscheduled overtime work. The exact work periods in which this occurred can easily be determined by looking at the Fire Investigators' payroll records, which are in the possession, custody, and control of Defendant.

16.     Due to their regularly repeating schedules, as well as additional overtime shifts or unscheduled overtime work, the Plaintiffs regularly worked in excess of 43 hours in a week and/or 86 hours per 14-day work period. At all relevant times, Defendant failed to pay the Plaintiffs overtime premium pay at the rate of one and one-half times their regular rate of pay for all hours of overtime work performed when the Plaintiffs worked in excess of 43 hours in a week and/or in excess of 86 hours in a 14-day period.

17.     On December 6, 2019, at the annual Bomb Squad holiday party, Assistant Chief Binokar Harris informed Plaintiff Ormerod and Plaintiff Goff that PGFD had discovered an FLSA-related pay discrepancy for its Fire Investigators. Specifically, Assistant Chief Harris stated that members of PGFD management had been discussing a significant amount of back pay owed to the Fire Investigators because of their 96-hour work periods and the possibility of a change to the shift schedule. Assistant Chief Harris further stated that members of management staff told him not to tell the Fire Investigators of the pay issue.

18.     On February 4, 2020, at the swearing-in ceremony and reception for Fire Chief Tiffany D. Green, Assistant Chief/Chief Executive Officer Ernie Lindquist approached Plaintiff Ormerod and initiated a conversation about the PGFD's failure to meet its obligations under the

FLSA. Battalion Chief Shajahan Jagtiani also joined the conversation. Assistant Chief Lindquist stated that the PGFD was aware of the Fire Investigators' "FLSA issue," or words to that effect, and that PGFD would be taking care of it. He stated that the matter was being reviewed by the Prince George's County Office of Law, but that because the back pay would be a lot of money it may not be immediate.

19.    In the more than 130 days that have passed since February 4, 2020, Defendant has failed to pay all Plaintiffs back pay for overtime work that it has admitted is due and owing.

20.    Defendant's actions in refusing to provide Fire Investigators the rights and protections provided under the FLSA are willful in that Defendant knew that its pay practices with respect to those employees was prohibited by the FLSA, or, at the very least, showed a reckless disregard for the FLSA. For example:

a)    Defendant knew or should have known of *Lockwood v. Prince George's Cty.*, No. 99-2487, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000), in which the Fourth Circuit found that employees in this job classification, Prince George's County Fire Investigators, should not be classified as fire protection employees. Yet, despite that knowledge, Defendant continued to fail to pay Plaintiffs the overtime pay to which they were entitled because they were law enforcement employees.

b)    Defendant knew, since at least December 6, 2019, that it had been failing to pay its Fire Investigators at the lawful overtime rate for their scheduled overtime hours.

c)    On or before December 6, 2019, Defendant instructed management staff to conceal the fact that Defendant owed Plaintiffs significant sums of back pay.

d) Defendant knowingly accepted the benefit of Plaintiffs' overtime labor from at least December 6, 2019, if not before, through the beginning of 2020, without compensating its Fire Investigators at the lawful overtime rate for their scheduled overtime hours.

e) On February 4, 2020, Defendant affirmatively urged Plaintiffs not to enforce their rights under the FLSA, but to instead wait for the Defendant to take care of it; despite that promise, the Defendant has failed to act for more than four months.

## COUNT I
## VIOLATION OF SECTION 207(k) OF THE FAIR LABOR STANDARDS ACT

21.     Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 20 of this Complaint.

22.     Under the U.S. Department of Labor's regulations applicable to "law enforcement" employees covered under 29 U.S.C. §207(k), (29 C.F.R. §553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 43 hours in a 7-day work period or in excess of 171 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days, such as hours of work in excess of 96 hours in a 14-day work period).

23.     During the times that Plaintiffs have worked in excess of 43 hours per workweek, 86 hours in a 14-day work period, or 171 hours in a 28-day work period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. §553.230.

24.     By failing to pay the Plaintiffs the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is

unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

25.     As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

26.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

27.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all plaintiffs hereby demand that their claims be tried before a jury.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray that this Court:

(a)  Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of the plaintiffs of his/her rights;

(b)  Order a complete and accurate accounting of all the unpaid compensation to which the

Plaintiffs are entitled;

(c)   Award Plaintiffs compensatory relief in the form of unpaid compensation and

liquidated damages equal to their unpaid compensation;

(d)  Award Plaintiffs interest on their unpaid compensation;

(e)  Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, and the

costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.


DATE: June 18, 2020                          Respectfully submitted,

                                             /s/ Megan K. Mechak
                                             Megan K. Mechak (Bar No. 27584)
                                             Sara L. Faulman *(Pro Hac Vice To Be Submitted)*
                                             John W. Stweart *(Pro Hac Vice To Be Submitted)*
                                             McGILLIVARY STEELE ELKIN LLP
                                             1101 Vermont Avenue, N.W.
                                             Suite 1000
                                             Washington, DC  20005
                                             Phone:  (202) 833-8855
                                             mkm@mselaborlaw.com
                                             slf@mselaborlaw.com
                                             jws@mselaborlaw.com

                                             *Counsel for Plaintiffs*